**REDWING CARRIERS, INC., a Florida corporation, et al., Plaintiff-Appellant,**

v.

**McKENZIE TANK LINES, INC., a Florida corporation, et al., Defendants-Appellees.**

No. 78–1362.

United States Court of Appeals, Fifth Circuit.

April 27, 1979.

Levin, Warfield, Middlebrooks, Mabie, Rosenbloum & Magie, David A. Reed, D. L. Middlebrooks, Jr., S. Jack Carrouth, Pensacola, Fla., for plaintiff-appellant.

George J. Roark, Jr., George J. Roark, III, Pensacola, Fla., Lyons, Pipes & Cook, Mack B. Binion, III, G. Sage Lyons, Mobile, Ala., for McKenzie Tank Lines, Inc.

Warren L. Finch, Mobile, Ala., for John T. Russell.

Albritton, Sessums & Didio, A. Dallas Albritton, Jr., William N. Graham, Tampa, Fla., for Mario R. Cabrera.

Before GODBOLD, SIMPSON and RONEY, Circuit Judges.

PER CURIAM:

We affirm on the basis of the district court's opinion, reported at 443 F.Supp. 639 (N.D.Fla., 1977), plus the following two points. This court's decision in *Northwest Power Products, Inc. v. Omark Industries,* 576 F.2d 83, 90 (CA5, 1978), confirms the district court's rejection of the Pick-Barth *per se* rule. *Albert Pick-Barth Co. v. Mitchell Woodbury Corp.,* 57 F.2d 96 (CA1), *cert. denied,* 286 U.S. 552, 52 S.Ct. 503, 76 L.Ed. 1288 (1932). Second, at oral argument, appellant contended that it produced sufficient evidence of a rule of reason theory to withstand summary judgment. We disagree. At the time McKenzie Tank Lines began hauling molten sulphur in 1976, Redwing had 100% of the relevant market. The fact that McKenzie had ICC and state certificates to haul molten sulphur prior to 1976 does not change the fact that Redwing controlled 100% of the market. Assuming McKenzie was a competitor before the alleged conspiracy began, Redwing is still not able to prove an injury to competition. Prior to the alleged conspiracy there were two haulers with the necessary certificates, one with 100% of the business and the other with only the certificates. Assuming further that McKenzie succeeded in eliminating Redwing, the market structure would remain the same, one hauler with 100% of the business and the other with only the certificates.

AFFIRMED.